# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**MATTHEW WILLIAMS**                                                         **PLAINTIFF**

**v.**                                                       **No. 1:20cv263-NBB-RP**

**LEE COUNTY**                                                       **DEFENDANT**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Matthew Williams, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the Lee County Adult Detention Center ignores grievances, leaving inmates without a viable grievance process. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

## Factual Allegations

On May 21, 2020, the plaintiff attempted to file a grievance on the electronic kiosk system at the Lee County Adult Detention Center. No one ever responded to his grievance, and the system prohibits filing additional grievances until the original grievance is addressed. Thus, inaction by the jail staff effectively blocks the plaintiff from filing further grievances, leaving the grievance process unavailable to him. He has been unable to file a grievance since that time.

## No Right to Prison Grievance Procedure

The plaintiff's allegations must be dismissed for failure to state a claim upon which relief could be granted, as there is no constitutionally protected interest in the existence or adequacy of prison grievance procedures. The United States District Court for the Norther District of Texas has explained this clearly:

> [A]n inmate does not have a constitutional entitlement to an adequate grievance procedure. *See e.g., Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (there is no constitutional right to participate in grievance procedures); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996) (inmates do not have a constitutional right to an adequate grievance procedure; any right to inmate grievance procedure is procedural, not substantive, right and, thus, state's inmate grievance procedures do not give rise to liberty interest protected by due process clause); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (inmates do not have a constitutional right to participate in grievance procedures); *Jenkins v. Henslee*, 2002 WL 432948, *2 (N.D. Tex. Mar 15, 2002) (NO. 3-01-CV-1996-R). Although an adequate grievance procedure is a condition precedent to filing a suit arising under § 1983, *see* 42 U.S.C. 1997e(a), its ineffectiveness or altogether absence does not give rise to a constitutional claim. Hence any alleged violation of the grievance procedure as alleged in Plaintiff's complaint does not amount to a constitutional violation.

*Giddings v. Valdez*, No. 3:06-CV-2384-G, 2007 WL 1201577, at *3 (N.D. Tex. Apr. 24, 2007).

The Fifth Circuit Court of Appeals has made a closely related ruling dispositive of the instant case:

> Geiger also alleged that prison officials failed properly to investigate his grievances and letters complaining about the conduct of the mail room and security staff. Insofar as he seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous. "[A] prisoner has a liberty interest only in 'freedom[s] from restraint ... impos[ing] *atypical* and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Geiger does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

*Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005) (quoting *Sandin v. Connor, infra.*)  Thus, to the extent that the plaintiff challenges the adequacy of the prison grievance process, that allegation must be dismissed for failure to state a claim upon which relief could be granted.

## Conclusion

For the reasons set forth above, the instant case will be dismissed with prejudice for failure to state a claim upon which relief could be granted.  A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 25th day of June, 2021.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE